UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CALVIN BRYANT SMITH,

        Plaintiff,

    v.                                      Case No. 20-cv-1756-bhl

CORRECTIONAL OFFICER HOSKINS, el al.,

        Defendants.

## SCREENING ORDER

Plaintiff Calvin Smith, a prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights at the Waukesha County Jail. This matter comes before the Court on Smith's motion for leave to proceed without prepaying the full filing fee and for screening of the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Smith filed a motion for leave to proceed without prepayment of the filing fee, along with a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. Dkt. Nos. 2-3. The Court assessed an initial partial filing fee of $10.05 and Brown paid that amount on December 18, 2020. Dkt. No. 5. Accordingly, the Court will grant the motion for leave to proceed without prepaying the filing fee. Smith must pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1).

## SCREENING THE COMPLAINT

The Court has a duty to review complaints filed by prisoner-plaintiffs seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In screening the complaint, the Court determines whether the complaint complies with the Federal Rules of Civil Procedure and states a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must provide "short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must give each defendant notice of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### COMPLAINT ALLEGATIONS

Smith is an inmate at the Waukesha County Jail. Dkt. No. 1. Defendants CO Hoskins, Lt. Zimmerman, and John Does are correctional officers at the jail. *Id*. at 2.

On October 22, 2020, at around 9:00 a.m., the defendants aimed a taser at Smith's head for no reason. *Id*. Smith asked to speak to a superior, but Zimmerman responded, "put your hands up." *Id*. Smith complied and put his hands up. *Id*. Smith explains that he was "peaceful" and compliant the entire time. *Id*. As Smith was turning around, the defendants "rushed" him, slammed him on the table, and banged his head. *Id*. The defendants were "roughing [him] up" and screaming "stop resisting" for no reason. *Id*. at 2-3. Smith says that surveillance video will show the unnecessary use of force. *Id*. at 3. For relief, Smith seeks monetary damages. *Id*. at 4.

### THE COURT'S ANALYSIS

To state a claim for relief under 42 U.S.C. §1983, Smith must allege that he was "deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

The Fourteenth Amendment's due process clause protects a pretrial detainee from "use of excessive force that amounts to punishment."[1] *Kingsley v. Hendrickson*, 576 U.S. 389, 397–98 (2015). "Punishment" can consist of actions taken with an "expressed intent to punish" or actions that are not "rationally related to a legitimate nonpunitive governmental purpose." *Id*. at 398. Smith alleges that the defendants used force on him by slamming him on the table and banging his

---

[1] The Court presumes that Smith was a pretrial detainee because he was at the Waukesha County Jail.

head. He states that their conduct was not rationally related to any governmental purpose because he was complying with their orders to put his hands up. Accordingly, Smith may proceed with a Fourteenth Amendment claim that the defendants used excessive force on him on October 22, 2020.

## CONCLUSION

The Court finds that Smith may proceed with a Fourteenth Amendment claim that the defendants used excessive force on him on October 22, 2020.

**IT IS ORDERED** that Smith's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Hoskins and Zimmerman pursuant to Federal Rule of Civil Procedure 4. Smith is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Hoskins and Zimmerman shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of the complaint and this order be sent to the administrator of the Waukesha County Jail, as well as to the Waukesha County Sheriff, and the Waukesha County Corporation Counsel.

4

**IT IS FURTHER ORDERED** that the agency having custody of Smith shall collect from his institution trust account the **$339.95** balance of the filing fee by collecting monthly payments from Smith's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Smith is transferred to another institution, the transferring institution shall forward a copy of this Order along with Smith's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>   Office of the Clerk
>   United States District Court
>   Eastern District of Wisconsin
>   362 United States Courthouse
>   517 E. Wisconsin Avenue
>   Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Smith is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 28th day of January, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge