UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────

CALVIN BRYANT SMITH,

        Plaintiff,

      v.                                              Case No. 20-cv-1756-bhl

CORRECTIONAL OFFICER HOSKINS, et al.,

        Defendants.

───────────────────────────────────────────────

## DISMISSAL ORDER

───────────────────────────────────────────────

      Plaintiff Calvin Smith, a prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights at the Waukesha County Jail. On January 28, 2021, the Court screened the complaint and allowed him to proceed with a Fourteenth Amendment claim that the defendants used excessive force on October 22, 2020. Dkt. No. 9. In that order, the Court specifically warned Smith that it was his responsibility to notify the Clerk of Court of any change of address and failure to do so could affect his legal rights, including dismissal of the case for failure to prosecute. *Id*. at 6. The defendants answered on March 2, 2021. Dkt. No 16. And the Court entered a scheduling order on March 4, 2021 and an amended scheduling order on March 12, 2021. Dkt. Nos. 18, 22.

      On March 15, 2021 and March 19, 2021, the scheduling orders came back to the Court as "Undeliverable—Inmate Released." Dkt. Nos. 23, 24. The Court has waited more than two weeks since receiving the first piece of undeliverable mail, and Smith still has not updated his address as he was instructed to do in the screening order. Ordinarily, the Court would enter a "show cause" order to assess a plaintiff's interest in prosecuting the case when it has not heard from the plaintiff

for a while. That would be futile here because that order would also return to the Court as "Undeliverable" given that the Court does not have an updated address to send it to. Accordingly, the Court will presume that Smith no longer wants to prosecute this case given his recent release from custody and failure to update his address and will dismiss this case without prejudice for failure to diligently prosecute. *See* Civ. L. R. 41(c) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action…the Court may enter an order of dismissal with or without prejudice.").

Smith may, however, file a motion to reopen the case, with an explanation as to why he did not timely update his address, within 60 days of this order. After 60 days, any motion may be summarily denied.

**IT IS ORDERED** that this case is **DISMISSED** without prejudice based on the plaintiff's failure to diligently prosecute. Smith may file a motion to reopen the case, with an explanation as to why he did not timely update his address, within 60 days of this order. After 60 days, any motion may be summarily denied.

Dated at Milwaukee, Wisconsin this 31st day of March, 2021.

s/ *Brett H. Ludwig*  
BRETT H. LUDWIG  
United States District Judge